UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER A. STANTON,

    Plaintiff,

v.

JOHN GALIPEAU *et al.*,

    Defendants.

CAUSE NO. 3:22-CV-475-DRL-MGG

OPINION AND ORDER

Christopher Stanton, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Stanton is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, Mr. Stanton moves to supplement his complaint with additional documentation. (ECF 5.) In the interest of justice, this motion is granted. According to the complaint and attachments, Mr. Stanton was moved to disciplinary

segregation in March 2020 after he got in a fight with other inmates. He claims that Officer A. Harmon, Sergeant Miller (first name unknown), and an unnamed "dorm officer" were responsible for packing up and storing his property, but they did a poor job, resulting in much of the property being lost. On another date in July 2021, he claims he was "jumped" by several inmates, who injured his eye and stole many of his commissary items. He filed tort claims with the Indiana Attorney General seeking roughly $10,000 in damages for the property that was lost as a result of these incidents. He claims the prison's Legal Liaison, John Hicks, recommended that at least one of his claims be approved, but the Attorney General has nevertheless denied all his claims. Based on these events, he sues Warden John Galipeau, Assistant Warden Kenneth Watts, Sergeant Miller, Officer Harmon, Mr. Hicks, the unnamed "dorm officer," and the unnamed employee of the Attorney General's office who investigated his tort claims, seeking $10,000 in damages for the lost property and another $10,00 for "unwanted stress" and emotional suffering.

Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Mr. Stanton tendered his complaint for filing on June 15, 2022, and any claim he is asserting pertaining to the March 2020 incident would be untimely. Although untimeliness is an affirmative defense, dismissal at the pleading stage is permitted when it is evident from the face of the complaint that the claim is untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

As to the July 2021 incident, Mr. Stanton may be trying assert a claim for failure to protect him from harm by other inmates. The Eighth Amendment imposes a duty on

2

prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005).

Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. To establish deliberate indifference, the plaintiff must allege "that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough." *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Nor does making a "mistake" or exercising "poor judgment" satisfy the deliberate indifference standard. *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018).

Mr. Stanton does not plausibly allege that any of the defendants had actual knowledge of a specific risk to his safety and consciously disregarded that risk in connection with the July 2021 incident. Rather, his allegations all pertain to the loss of his

3

property and the alleged mishandling of his tort claims after the incident occurred. These allegations do not state a plausible failure-to-protect claim under the Eighth Amendment.

He may be trying to assert a due process claim stemming from the loss of his personal property. However, he has an adequate state post-deprivation remedy available through the Indiana Tort Claims Act (ITCA) and thus cannot pursue a federal due process claim on this ground. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). In fact, an attachment to the complaint reflects that is availing himself of these remedies, as he filed a small claims case in state court after one of his tort claims was denied by the Attorney General's Office. (ECF 1-1 at 31.) The trial court determined that he did not comply with ITCA's procedural requirements but gave him time to correct the deficiencies.[1] (*Id.*) His dissatisfaction with the state court's handling of his case cannot form the basis for a federal due process claim. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases, "even though the state court judgment might be erroneous or even unconstitutional"). Likewise, the fact that he has not been successful in obtaining payment to date does not mean the state's post-deprivation remedy is "inadequate." *See Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir.

---

[1] It does not appear from the public docket that Mr. Stanton has availed himself of the opportunity to correct the procedural deficiencies pointed out by the state court. *See Stanton v. Westville Corr. Facility*, 46D03-2103-SC-00467 (LaPorte Sup. Ct. filed Mar. 11, 2021). At present, the case remains pending.

1996); *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990). He has not alleged a plausible due process claim.

Finally, as to the two high-ranking officials named as defendants, there is no indication they were personally involved in these events, and they cannot be held liable simply because they oversee operations at the prison or supervise other prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory prison staff can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019). There is no factual content in the complaint to suggest that the Warden or Assistant Warden condoned or facilitated the decisions of other staff to violate Mr. Stanton's constitutional rights. Indeed, as explained above, Mr. Stanton has not plausibly alleged that any subordinate prison employee violated his constitutional rights.

Therefore, Mr. Stanton has not alleged a viable federal claim against any defendant. In the interest of justice, the court will allow him an opportunity to file an amended complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the motion to supplement the complaint (ECF 5);

(2) GRANTS the plaintiff until **October 7, 2022**, to file an amended complaint; and

(2) **CAUTIONS** him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

September 12, 2022                                                *s/ Damon R. Leichty*
                                                                                Judge, United States District Court