UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER A. STANTON,

    Plaintiff,

    v.

JOHN GALIPEAU *et al.*,

    Defendants.

CAUSE NO. 3:22-CV-475-DRL-MGG

OPINION AND ORDER

Christopher Stanton, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. The court determined that his original complaint didn't state a plausible constitutional claim against any defendant and was subject to dismissal under 28 U.S.C. § 1915A. The court afforded him an opportunity to file an amended complaint. He also moves for leave to proceed *in forma pauperis*, but the court already granted him leave to proceed *in forma pauperis*. This second motion will be denied as unnecessary.

Under 28 U.S.C. § 1915A, the court must review the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr.

Stanton is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Stanton is incarcerated at Westville Correctional Facility. He claims that in late July 2021, he was "jumped" by other inmates at Westville, who stole some of his personal belongings. It can be discerned that he was moved to a different area of the prison after this incident, and he claims that unidentified prison staff were negligent when they moved his property, resulting in the loss of his tablet, clothing, hygiene items, and food. He has been trying to obtain compensation for these items through the Indiana Tort Claims Act (ITCA). He alleges that John Hicks, the prison's legal liaison, "approved" his tort claim, but the Indiana Attorney General nevertheless refuses to pay him. He asserts that the Attorney General's failure to pay him amounts to a violation of his Fourteenth Amendment rights and seeks $75,000 in damages for the "pain and suffering" he has gone through to get reimbursed for his property. He sues Mr. Hicks, Sergeant Miller (who packed his property), the unidentified prison staff who moved his property, and the unidentified staff in the Attorney General's Office who he believes played a role in denying his tort claim.

If the loss of Mr. Stanton's property was caused by the acts or omissions of prison staff, he has an adequate state post-deprivation remedy available through the ITCA to seek compensation and thus cannot pursue a federal due process claim based on the loss

of his property.[1] *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). The fact that he has not been successful in obtaining payment to date does not mean the state's post-deprivation remedy is "inadequate." *See Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996); *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990). His allegations about negligence by prison staff cannot form the basis for a Fourteenth Amendment claim. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) ("[N]egligent conduct does not offend the Due Process Clause."). Nor do his allegations that prison staff violated prison policy or other state law in mishandling his property or refusing to reimburse him give rise to a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). He has not alleged a plausible constitutional claim in connection with the lost property.

His allegation about being "jumped" by other inmates could form the basis of a failure-to-protect claim, as the Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). But a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must allege that a prison staff member "acted

---

[1] He has no federal due process claim against the inmates who stole his property, because the Constitution only applies to state actors. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009).

with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [his] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). The court pointed out this requirement in the original screening order, but Mr. Stanton did not add any allegations to suggest plausibly that a prison staff member had actual knowledge of a specific threat to his safety and disregarded that risk in connection with the July 2021 incident. He does not provide any details about the circumstances surrounding the attack, and instead continues to focus on the loss of his personal items and his attempt to obtain compensation for them. He has not stated a plausible Eighth Amendment claim. Nor will additional license to amend be appropriate given the opportunity given already and the state of allegations within the amended complaint.

For these reasons, the court DENIES as unnecessary the motion for leave to proceed *in forma pauperis* (ECF 9) and DISMISSES this case under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED.

October 17, 2022    *s/ Damon R. Leichty*
                    Judge, United States District Court